IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EXOTIC LEASING, LLC,**

        Case No. 2:24-cv-3036

    **Plaintiff,**

        Judge James L. Graham
        Magistrate Judge Elizabeth P. Deavers

v.

**7TH GEAR EXOTICS, LLC,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Exotic Leasing LLC's Motion for Leave to File Second Amended Complaint. (ECF No. 58.) Defendants 7th Gear Exotics, LLC and Tiff A. Cook have opposed the motion. (ECF No. 61.) Plaintiff has not filed a reply and the matter is now ripe for decision. For the following reasons, the Motion is **GRANTED.**

### I.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.

By way of brief background, Plaintiff filed an Amended Complaint on July 25, 2024, naming as Defendants 7th Gear Exotics, LLC; Tiff A. Cook; ES Exotics, LLC; and Ergi Sulejmani. (ECF No. 23.) In the Amended Complaint, Plaintiff asserted claims against all Defendants under 18 U.S.C. § 1962(c) and (d) Civil RICO (Racketeer Influenced Corrupt Organizations) and against all Defendants for fraudulent concealment; fraudulent misrepresentation; criminal theft (R.C. §§ 2307.60, 2307.61); criminal act of telecommunications fraud (R.C. § 2913.05) and unjust enrichment. Plaintiff also alleged a breach of contract claim against Mr. Cook and 7th Gear and a separate breach of contract claim against Mr. Sulejmani and ES Exotic.

Plaintiff's proposed Second Amended Complaint asserts the same claims but seeks to add five Defendants, including Cunix Automotive Group, LLC dba the Toy Barn, Shawn P. Cunix, T Cook Holdings LLC, Stephen A. Richardson, and Tiff J. Cook, Sr. (ECF No. 58-1.) Plaintiff characterizes the proposed Second Amended Complaint, like the First Amended Complaint, as

> detail[ing] a massive and brazen title fraud operation spanning two states and over 48 exotic supercars worth over $10 million dollars, including numerous Lamborghinis, Rolls Royces, McLarens, Ferraris, Porsches, and others. The multiple Defendants conspired together to defraud Plaintiff out its multimillion-dollar investment through a coordinated effort of fabricated documents, false promises, and fraudulent titles. Instead of purchasing vehicles with over $10 million invested by Plaintiff, granting the titles and liens, and paying the revenue share as expressly agreed, Defendants simply financed or otherwise secured cars, without titles, represented them as being purchased, and then disposed of them without even notifying Plaintiff.

2

(*See* ECF Nos. 23, 58-1.) Plaintiff 's succinct motion asserts that amendment is necessary here because, through responses to subpoenas, it has learned of additional parties whose joinder is required under Federal Rule of Civil Procedure 19(a).

Defendants, citing *Abner v. Convergys Corporation*, 20201 WL 9056617 (S.D. Ohio April 7, 2021), assert delay plus prejudice in an effort to create a "delay-plus" framework sufficient to defeat Plaintiffs' proposed amendments. Given Rule 15's liberal amendment policy, the Court is not persuaded. On the issue of delay, Defendants state that Plaintiffs waited six months after having expressed an intention to do so before seeking leave to amend.[1] Defendants, however, do not explain how, under the circumstances of this case, such alleged delay is undue. Indeed, Defendants acknowledge the "relative infancy" of this case and concede that the delay "is not the longest the Court has ever seen." (ECF No. 61.) With respect to prejudice, they simply state that the inclusion of additional parties will slow the pace of the litigation and "will multiply the volume and scope of discovery to a material degree." (*Id*.) Without question, "all amended pleadings result in at least some prejudice to the non-moving party who will have to defend the claims on the merits." *NOCO Co. v. Lapidus*, No. 21-CV-900, 2022 WL 1803039, at

---

[1]The Court notes Defendants' point, raised only by way of a footnote, that Plaintiff conducted third-party discovery in advance of the Rule 26(f) conference in violation of Fed.R.Civ.P. 26(d)(1) ("[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order."). To the extent that this is the case, Defendants could have raised this issue earlier by way of a motion to quash, but they did not. On this point, the Court finds Defendants' implication that they somehow were unaware of this conduct to be disingenuous. *See* Defendants' Motion to Quash, ECF No. 16 (failing to raise issue; motion to quash granted as unopposed); *see also* non-party Motion to Quash, ECF No. 32 (motion to quash granted on Plaintiff's modifications to the subpoena). Nor do Defendants make any meaningful effort to seek any potential relief here. Moreover, in its current Motion, Plaintiff explains that much of its time since the filing of this action has been spent engaged in settlement discussions and negotiations. Accordingly, the Court finds inaccurate Defendants' characterization that Plaintiff is relying on this discovery as a justification for delay.

\*3 (N.D. Ohio June 2, 2022). But "some prejudice" is all Defendants can be generously viewed as having shown. Indeed, they have wholly failed to identify any out of the ordinary harm that would justify denying Plaintiffs' ability to amend a second time. *See id.* (finding no "unique harm" in similar circumstances). Given the nature of the proposed amendments and the lack of any demonstrable undue delay or prejudice, the Court finds that justice requires that Plaintiff be permitted leave to file a second amended complaint.

### III.

For the reasons stated above, the Motion for Leave to File a Second Amended Complaint (ECF No. 58) is **GRANTED.** The Clerk is **DIRECTED** to detach and file the Second Amended Complaint attached to the Motion. (ECF No. 58-1.)

**IT IS SO ORDERED.**

**Date: May 22, 2025**　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**