**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EXOTIC LEASING, LLC,**

**Plaintiff,**

**v.**

**Case No. 2:24-cv-3036**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**7TH GEAR EXOTICS LLC, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Stephen A. Richardson's Motion to Strike (ECF No. 84) and Motion for Sanctions (ECF No. 88). Plaintiff Exotic Leasing, LLC responded in opposition to both Motions (ECF Nos. 86, 90) and Mr. Richardson replied to both Motions (ECF Nos. 87, 91). For the reasons stated below, the Motions are **DENIED**.

## I. THE ALLEGED FACTS

Plaintiff Exotic Leasing brings this litigation against multiple defendants alleging a title fraud operation involving "over 48 exotic supercars worth over $10 million." (ECF No. 64, PageID 683.) It alleges the defendants "conspired together to defraud [Exotic Leasing] of its multimillion-dollar investment through a coordinated effort of fabricated documents, false promises, and fraudulent titles." (*Id.*) Exotic Leasing brings claims for civil Racketeer Influenced Corrupt Organizations Act ("RICO") violations, fraudulent concealment, fraudulent misrepresentation, Ohio Revised Code violations, breach of contract, and unjust enrichment. (*Id.* PageID 703–30.) The instant Motions are narrower, however, and relate to Exotic Leasing's efforts to serve Mr. Richardson. (ECF Nos. 84, 88.)

Because the Motion for Sanctions was filed after the Motion to Strike (*see* ECF Nos. 84, 88), and because Mr. Richardson explains that the facts on which the Motion for Sanctions is predicated are the same facts that underlie the Motion to Strike (ECF No. 88, PageID 941), the Court turns first to the Motion to Strike.

## II. MOTION TO STRIKE

### A. Background

The parties agree that after the Second Amended Complaint was filed on May 22, 2025 (ECF No. 64), Exotic Leasing attempted to serve Mr. Richardson by process server on June 13, 2025, and again on June 16, 2025 (ECF No. 84, PageID 854; ECF No. 86-7, PageID 917). On June 16, 2025, a neighbor informed the server that Mr. Richardson and his family were "out of the country for the summer in South Asia." (ECF No. 84, PageID 854; ECF No. 86-7, PageID 917.) Another attempt at service was made on June 19, 2025. (ECF No. 84, PageID 854; ECF No. 86-7, PageID 917.)

Mr. Richardson asserts that no attempts at service were made between June 19, 2025, and January 23, 2026. (ECF No. 84, PageID 857, 858.)

Exotic Leasing retorts that Mr. Richardson had knowledge of this action from inception, before the original complaint was filed in 2024. (ECF No. 86, PageID 898.) Mr. Richardson had participated in settlement negotiations and in-person meetings and had a copy of the Second Amended Complaint. (*Id.*; ECF Nos. 86-1, 86-3.) Mr. Richardson communicated with Exotic Leasing's counsel from September 2024 until August 4, 2025, when Mr. Richardson directed further communications to his legal counsel. (ECF No. 86, PageID 898; ECF Nos. 86-1, 86-3.) Exotic Leasing states—and provides a declaration and evidence supporting that—its attorney contacted Mr. Richardson's attorney and provided him with the pleadings, a request for waiver, and the waiver itself on August 5, 2025. (ECF No. 86, PageID 899; ECF Nos. 86-6, 86-10.) Mr.

Richardson's attorney declined to accept service and Exotic Leasing's attorney stated he would consider Mr. Richardson and his attorney to be uncooperative. (ECF No. 86, PageID 899; ECF Nos. 86-6, 86-10.)

In response, Mr. Richardson's attorney states, and email evidence supports, that he responded: "At this time I do not have authorization to accept service. I will need to check with Steve." (ECF No. 84, PageID 856; ECF No. 86-6, PageID 916.)

**B. Analysis**

Mr. Richardson moves to strike parts of Exotic Leasing's responses to the Court's Show Cause Order and Motions for Extension of Time to Perfect Service (*see* ECF Nos. 75, 78, 80) "on the grounds that such filings contain material misrepresentations by [Exotic Leasing] and/or its counsel to this Court regarding their efforts to serve Mr. Richardson, and the actions of Mr. Richardson and the undersigned relative to the same." (ECF No. 84, PageID 853.) He continues, asking the Court to strike "any reference to Mr. Richardson or his counsel avoiding, evading, or refusing service of process in this action." (*Id.* PageID 859.) Mr. Richardson takes issue with representation that he "refused to accept service" and "chose[] to avoid the legal service of the pleadings," and that he and his attorney engaged in "efforts of avoidance" (ECF No. 75, PageID 807–09). (ECF No. 84, PageID 854–55.) He also urges striking is appropriate of representations that his counsel "continue[d] to refuse to accept service" (ECF No. 78, PageID 835), he "expanded [his] efforts to avoid accountability by actively and intentionally avoiding legal service of these pleadings" (ECF No. 80, PageID 839), and his counsel "refused to accept service of process and has refused to execute the waiver that was provided" (*id.* PageID 840). (ECF No. 84, PageID 855–56.)

Mr. Richardson argues those representations were "false, were not made in good faith, and did not have a basis in fact" and "besmirch the integrity and reputation of Mr. Richardson

and his counsel" so should be stricken from the record. (ECF No. 84, PageID 858–59.) In addition, Mr. Richardson suggests that "[t]o the extent that the resulting record is then devoid of adequate justification for extension of time under [Federal Rule of Civil Procedure] 4(m)," the claims against him should be dismissed. (*Id.* PageID 859.)

Exotic Leasing responds with the facts summarized above in section II.A. (ECF No. 86, PageID 898–900.) Despite Mr. Richardson's familiarity with the matter, his attorney declined to accept service on Mr. Richardson's behalf. (*Id.* PageID 899.) Exotic Leasing had to engage two separate process servers to serve Mr. Richardson, and both made multiple attempts at service. (*Id.* PageID 899–900.) For example, one process server attempted personal service of Mr. Richardson ten times in a two-week period. (*Id.* PageID 900; ECF No. 86-8.) Exotic Leasing concludes that it "has taken reasonable, appropriate, and justified action to serve multiple co-defendants named in this matter across multiple states." (ECF No. 86, PageID 901.) "Efforts to communicate with Defendant Richardson have indeed been extraordinary." (*Id.*)

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The determination of whether to strike a filing rests within the sound discretion of the Court. *See Wausau Benefits v. Progressive Ins. Co.*, 270 F. Supp. 2d 980, 985 (S.D. Ohio 2003) (King, M.J.). Motions to strike are generally disfavored and considered remedies that "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.*, 716 F. Supp. 3d 575, 592 (S.D. Ohio 2024) (same), *reconsideration denied*, No. 2:20-cv-4798, 2025 WL 945732 (S.D. Ohio Mar. 29, 2025); *C.S. v. McCrumb*, 135 F.4th 1056, 1068 n.10 (6th Cir. 2025) ("Considered a drastic remedy, motions to strike are viewed with disfavor and are not

frequently granted.") (citation modified), *cert. denied*, No. 25-831, 2026 WL 1640900 (U.S. June 8, 2026).

Nothing in the record justifies striking statements in ECF Nos. 75, 78, 80 or dismissing Mr. Richardson and the claims against him from the litigation. Rather, the situation appears to be one that is rather common in litigation—the parties are adverse and view the happenings differently. The Court does not view Exotic Leasing's representations related to its service efforts as false or having no basis in fact. From Exotic Leasing's perspective, Mr. Richardson had knowledge of the lawsuit before the original complaint was filed in May 2024 (*see* ECF No. 1) but it still had to engage two professional process servers who made multiple attempts to serve Mr. Richardson (*see* ECF No. 86). Mr. Richardson's attorney declined to accept service on his client's behalf. (*Id.*) It took certified mail to finally get Mr. Richardson a complaint in a matter that he had known about for almost two years. (*Id.* PageID 900; ECF No. 86-9, PageID 927.) It is not inaccurate or lacking factual support to construe the situation as refusal of or evasion of service efforts.

The Motion to Strike (ECF No. 84) is **DENIED**.

## III. MOTION FOR SANCTIONS

Relying on the same facts as he relied on in the Motion to Strike, Mr. Richardson argues that this Court should sanction Exotic Leasing or its counsel under Federal Rule of Civil Procedure 11(b). (ECF No. 88.) More precisely, Mr. Richardson argues that Exotic Leasing made representations that were being presented for an improper purpose or lacked evidentiary support. (*Id.* PageID 941); *see* Fed. R. Civ. P. 11(b). The caselaw Mr. Richardson cites in support of his Motion for Sanctions discusses lies and deliberate falsehoods to the Court. (ECF No. 88,

PageID 942–43.) He also asks the Court to dismiss the claims against him and require Exotic Leasing or its counsel to pay his costs and attorneys' fees. (*Id.* PageID 943.)

Exotic Leasing responds that it and its attorneys "take their ethical obligations very seriously," and the factual contentions were supported by the evidence and were not offered for an improper purpose. (ECF No. 90, PageID 962.) Exotic Leasing and its attorneys did not lie to the Court. (*Id.*) Exotic Leasing again notes that Mr. Richardson's counsel declined to accept service on Mr. Richardson's behalf due to lack of authorization. (*Id.* PageID 963–65.) Further, Exotic Leasing had to hire two process servers despite having extensive prior communication with Mr. Richardson, and the service attempts were many and are supported by evidence. (*Id.*)

The imposition of sanctions under Rule 11(b) is disfavored and discretionary. *See James v. Caterpillar, Inc.*, 824 F. App'x 374, 377 (6th Cir. 2020). If a district court determines an attorney has violated Rule 11(b), the district court is "given wide discretion" in "deciding the nature and extent of the sanctions to impose," but a chosen sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); Fed. R. Civ. P. 11(c)(4)).

The facts supporting Mr. Richardson's Motion do not warrant sanctions. The Court finds no violation of Rule 11(b) occurred. Exotic Leasing and its counsel did not make representations presented for an improper purpose or that lacked evidentiary support, and they did not lie to the Court. Mr. Richardson's request for sanctions is **DENIED**. (ECF No. 88.)

## IV. CONCLUSION

For the above reasons, the Court **DENIES** (ECF No. 84) Defendant Stephen A. Richardson's Motion to Strike and **DENIES** (ECF No. 88) Defendant Stephen A. Richardson's Motion for Sanctions. This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **9/16/2026** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |